UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TARENCE KIRKLAND,

                Plaintiff,

-against-

WESTCHESTER COUNTY DISTRICT ATTORNEY MARIAM E. ROACH; CHRISTINE DISALVO, Supreme Court of the State of New York Appellate Division Second Judicial Dept; CLERK MARIA T. FASULO,

                Defendants.

23-CV-0311 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under Article I, §§ 9-10 of the United States Constitution, challenging his judgment of conviction rendered in New York Supreme Court, Westchester County. By order dated January 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against the Westchester County District Attorney Miriam Rocah, Assistant District Attorney Christine DiSalvo—a prosecutor assigned to Plaintiff's criminal case—and Clerk Maria T. Fasulo, the Appellate Division, Second Department, Clerk of Court, who entered the Appellate Division's March 16, 2022, decision affirming Plaintiff's conviction for two counts of third-degree possession of a controlled substance. (*See* ECF 2-1, at 5.) Plaintiff sought review of the Appellate Division's decision in the Supreme Court of the United States, and that court denied his petition for a writ of *certiorari* on December 12, 2022. (*Id.* at 1.)

In this action, Plaintiff challenges the trial court's use of a prior rape conviction to enhance his sentence. (ECF 2, at 4-5.) Briefly, Plaintiff asserts that, when he pleaded guilty to second-degree rape, the offense was classified as a non-violent felony. After pleading guilty, but before sentencing, the offense was reclassified as a violent offense. Defendant DiSalvo, in her capacity as the Assistant District Attorney, prosecuted Plaintiff's criminal case for the drug offenses, and argued that Plaintiff should be sentenced as a second-felony offender because of the rape conviction; the trial court agreed, and Plaintiff's sentence was enhanced, pursuant to New York State law. According to the exhibits attached to the complaint, Plaintiff has challenged his classification as a second-felony offender, both on direct appeal and in post-conviction motions. (*See* ECF 2-1, at 35.)

Plaintiff now asks, in this Section 1983 action, that his judgment of conviction "be removed and/or the sentence vacated and both." (ECF 2, at 5.)

According to publicly available records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff is no longer in DOCCS custody and his post release supervision term expired on March 3, 2021.[1]

## DISCUSSION

Plaintiff brings this Section 1983 action against prosecutors and a clerk of court, challenging his judgment of conviction and his sentence. This civil action, however, is not the proper vehicle to challenge the validity of his judgment of conviction, and these individuals are not the proper defendants to sue. Rather, Plaintiff's challenge must be raised in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, *see Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for individual seeking to challenge the fact or duration of his confinement), and brought against his custodian, *see* Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

Where a petitioner seeks to challenge his conviction or sentence, district courts may entertain a petition for a writ of *habeas corpus* only on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court of the United States held that a person is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491 (emphasis in original). Thus, the Supreme Court held, a "habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91.

---

[1] DOCCS, Inmate Locator, Tarence Kirkland, https://nysdoccslookup.doccs.ny.gov/.

3

Here, publicly available records indicate that Petitioner has fully served his sentence and post release supervision. He therefore is no longer "in custody" or otherwise serving the sentence he seeks to challenge. The Court therefore declines to recharacterize this Section 1983 complaint as a Section 2254 petition.[2] Should Petitioner contend that he is in custody, he may bring a new action as a petition for *habeas corpus* under Section 2254 and name his custodian as the respondent.[3]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot obtain the relief he seeks in this civil rights action, the Court declines to grant Plaintiff leave to amend his complaint. Should Plaintiff believe he is still in custody and would like to pursue *habeas* relief, he may do so by filing a Section 2254 petition.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] If the Court were to construe this Section 1983 complaint as a Section 2254 petition, the Court would first notify Plaintiff that the submission was being so construed and provide Plaintiff with an opportunity to withdraw the submission. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). Here, such notice and opportunity to withdraw is unnecessary.

[3] A petitioner seeking *habeas* relief under Section 2254 generally must file a petition within one year from the date the judgment became final. *See* 28 U.S.C. § 2244(d). Petitioner's conviction became final following the Supreme Court's December 22, 2022, ruling on his petition for a writ of *certiorari*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:  April 11, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge